**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JILE LEI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1710-SLP** |
| **v.** | ) | |
| | ) | |
| **MARKWAYNE MULLIN, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jile Lei, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 9. Respondents filed a response, Doc. 13, and Petitioner has replied, Doc. 14. So the matter is at issue.

---

1 Chris Gantt, Warden of the Cimarron Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 10, at 1 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part, and order Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner.

## I. Factual background and procedural history.

Petitioner, a noncitizen from China, entered the United States on November 19, 2023. Doc. 1, at 2. On November 21, 2023, the Department of Homeland Security (DHS) released him on his own recognizance, issued him a Notice to Appear (NTA), and placed him in full removal proceedings. *Id.* & Exs. 1-2. Petitioner applied for asylum on March 26, 2024, which an Immigration Judge denied. *Id.* at 2-3. Petitioner's appeal remains pending. *Id.* at 3. Petitioner has a valid work permit and he has complied with all conditions of his release. *Id.*

On February 17, 2026, Oklahoma authorities arrested Petitioner on a traffic offense after which Immigration and Customs Enforcement took him into custody. Doc. 1, at 2.

## II. Petitioner's claims.

Petitioner asserts four grounds for relief: (1) violation of his Fifth Amendment Due Process rights through his unlawful detention; (2) violation of the Immigration and Nationality Act (INA) through the unlawful revocation of his release without notice and without adherence to its procedural

protections, (3) violation of the Administrative Procedure Act; and (4) violation of his Fourth Amendment protections. *Id.* at 32-41.

He seeks (1) an order prohibiting Respondents from transferring Petitioner from the district without the Court's approval;[4] (2) a declaration that Respondents' revocation of Petitioner's release on recognizance violates due process, the INA, and the APA; (3) a declaration that Respondents' unlawful arrest of Petitioner without a warrant or the requisite probable cause for a warrantless arrest further violates Petitioner's right to due process, the INA, the APA, and the Fourth Amendment guarantee against unreasonable searches and seizures; (4) the issuance of a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody, or alternatively, order a prompt bond hearing at which the government bears the burden of proof; (5) an order requiring Respondents to return Petitioner's seized property upon release; and (6) an award Petitioner attorney's fees and costs under the Equal Access to Justice Act. *Id.* at 42-43.[5]

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of

---

[4] The Court addressed this request in its Order for Response, Doc. 10.

[5] Any application for fees must be filed within thirty days of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).

the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts ICE unlawfully detained him without a reason or a warrant. Doc. 1, at 16-18. Respondents have produced a standard I-200 warrant dated February 17, 2026. Doc. 13, Ex. 1. Petitioner argues this form is "facially defective" because it is inconsistent with the Form I-213. Doc. 14, at 2. Without more, Petitioner argues the document "was more likely than not issued after" Petitioner arrived at the ICE field office for processing. *Id.* at 4. The Court rejects Petitioner's argument on this score.

Respondents contend they are properly detaining Petitioner under § 1225(b)(2)(A) and he is not entitled to a bond hearing. Doc. 13, at 1-2. But they concede that the matter is "controlled by" the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). *Id.* at 1.

Respondents released Petitioner into the country on his own recognizance and permitted him to reside in the interior of the country for two-plus years before ICE detained him. Doc. 1, at 2-3. "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant,* No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Court should thus conclude that Petitioner's present detention "is governed by [8 U.S.C.] § 1226(a), not § 1225(b)[]." *Id.; cf. Santillan Quiroz*, 180 F.4th at 1240 ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. "Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3; *see, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

According to Petitioner, the Government has not provided him with an individualized custody determination since his detention. Doc. 1; *see, e.g.*,

*Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not

received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status

report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **September 11, 2026**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE